UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sterling Jewelers, Inc., et al., | ) | CASE NO.  5:14CV2030 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| M&G Jewelers, Inc., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | (Resolves Doc. 9) |
| | ) | |

Pending before the Court is Defendant's motion to dismiss this matter for lack of personal jurisdiction or in the alternative transfer the matter.  Doc. 9.  The motion to Dismiss is GRANTED.   This matter is hereby DISMISSED.

**I.** **STATEMENT OF FACTS**

Plaintiffs Sterling Jewelers, Inc. and Zales Delaware, Inc. filed suit seeking a declaration that "Zales' new repair process and repair vendor web portal" do "not infringe any right of Defendant and that Zales is not in any breach of any confidentiality obligations to Defendant." In their complaint, Plaintiffs assert that Defendant M&G Jewelers has wrongfully asserted that Zales' new process and portal constitute unlawful copying of Defendant's JEMS software and constitute a breach of confidentiality agreements.

M&G has sought to dismiss the complaint on numerous grounds.  First, M&G contends that this Court lacks personal jurisdiction over it.   Second, M&G contends that even if jurisdiction was appropriate, this Court should decline to exercise jurisdiction over this declaratory judgment action.  The Court finds merit in both contentions.

## II. LEGAL STANDARD & ANALYSIS

This Court applies Ohio law in determining whether it may exercise jurisdiction over a defendant. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988). The Court must engage in a two-step analysis to determine personal jurisdiction under Ohio law. The Court must determine: "(1) ... whether [Ohio's] 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994) (quoting *U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1051 (Ohio 1994)). The Court must engage in both steps if Ohio's long-arm statute applies because it does not extend jurisdiction fully to the limits of due process. *Goldstein*, 638 N.E.2d at 545, n.1. Accordingly, to establish that jurisdiction is proper, both prongs of the analysis must be satisfied. *Id.*

Plaintiffs bear the burden of establishing jurisdiction. *American Greetings Corp.*, 839 F.2d at 1168. However, when a court rules solely based upon the pleadings, a plaintiff need make only a prima facie showing of personal jurisdiction to survive a motion to dismiss. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Accordingly, when ruling without holding an evidentiary hearing, this Court must view the jurisdictional evidence in the light most favorable to the plaintiff. *See Goldstein*, 638 N.E.2d at 544. Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, he must show, by affidavit or other documentary evidence, specific facts establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Ohio's long-arm statute, Revised Code Section 2307.382, provides as follows:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state[.]

The parties appear to agree that M&G indeed does transact business in this state. However, they sharply disagree over whether "a cause of action" "arises from" that conduct. The Court now reviews those contentions.

In their opposition, Plaintiffs assert that M&G operates an interactive website nationwide, thereby including Ohio. Plaintiffs contend that the public availability of this website is the cornerstone of their defense to any claims raised by M&G. As such, they contend that this declaratory judgment "arises from" M&G's conduct in Ohio. The Court disagrees.

The existing dispute between the parties[1] arises entirely from their prior business relationship that was conducted almost exclusively in Texas. For that matter, the parties were so heavily involved with one another in Texas that their prior written agreement contained a forum selection clause placing exclusive jurisdiction[2] in Dallas County, Texas – the home county of the principal place of business of Zales.

Ohio's long-arm statute speaks of **claims** arising from the transaction of business in Ohio. It does not speak in terms of defenses. Yet, Zales seeks to rely upon a defense to establish jurisdiction. The Court declines to expand the language of Ohio's long-arm statute under the

---

[1] The Court would note here that it is clear from the complaint that there is no justiciable dispute between Plaintiff Sterling and M&G. Sterling was merely included on a letter to Zales due to its status as a parent company. No allegations were made against Sterling and Sterling seeks no relief on its own behalf in this action.

[2] The Court also rejects any assertion by Plaintiffs that this clause is not mandatory and is instead permissive. The plain language of the clause, "[t]he parties agree to the exclusive jurisdiction of the federal and state courts in Dallas County, Texas," makes the clause mandatory. Were it not mandatory, the term "exclusive" would have no meaning. Similarly, the Court has found no authority to suggest the failure to name a specific venue somehow renders the clause permissive.

facts presented herein. To that extent, the Court finds Plaintiffs' reliance on patent infringement cases to be unavailing. The offer for sale of an infringing device no doubt gives rise to a **cause** of action in any state where it is offered. M&G's website, however, does not give rise to a cause of action. As such, it cannot serve as the hook for personal jurisdiction over M&G.

Moreover, even if the Court were inclined to expand the long-arm statute in such a manner, the exercise of jurisdiction over M&G herein would not comport with due process. The premise that M&G should have foreseen being brought to federal court in Ohio over a dispute arising from business transacted with a Texas company in the Texas company's home county is not sound. As such, due process would be violated were the Court to require M&G to litigate these issues in Ohio.

Finally, even if the Court were inclined to stretch the limits of jurisdiction herein, it would decline to entertain this declaratory judgment action. "Litigants do not possess an absolute right to bring a lawsuit for declaratory judgment under the Declaratory Judgment Act[.]" *Global Mfg. Assoc., Inc. v. Avery Outdoors, Inc*., 2008 WL 269088, at *1 (N.D.Ohio, Jan. 29, 2008) (citing *AmSouth Bank v. Dal*e, 386 F.3d 763, 784 (6th Cir. 2004) (quoting *Wilton v. Seven Falls Co*., 515 U.S. 277, 287 (1995))). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282.

In order to determine whether or not a district court should exercise jurisdiction the Sixth Circuit uses a five factor test. *AmSouth Bank*, 386 F.3d at 785. The factors are: "1) whether the judgment would settle the controversy; 2) whether the declaratory judgment action would clarify the legal relations at issue; 3) whether the declaratory remedy is being used merely

4

for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata'; 4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and 5) whether there is an alternative remedy that is better or more effective." *Id.* "In determining the propriety of entertaining a declaratory judgment action, competing state and federal interests weigh in the balance, with courts particularly reluctant to entertain federal declaratory judgment actions premised on diversity jurisdiction in the face of a subsequently-filed state-court coercive action." *Id.*

With respect to whether a judgment would settle the matter, the Court finds that this factor weighs in favor of dismissal.  As the parties have noted, there is a substantive state court action filed by M&G covering these precise allegations.  While this Court's action could conceivably settle the rights of the parties in many aspects, absent dismissal of the state court action, the parties could end litigation in two arenas with conflicting obligations and rights.  Similarly, given the competing venues, this action would do little to clarify the rights of the parties.

Furthermore, while Plaintiffs contend otherwise, this declaratory action has all the hallmark signs of procedural fencing.  Plaintiffs solicited a letter from M&G seeking details that supported M&G's request that Zales' repair system not be released.  Plaintiffs then utilized that letter to support their claim of a live controversy.  Such an act, standing alone, would not support the concept that Plaintiffs raced to the courthouse of their choice.  However, the fact that Sterling is, at best, tangentially included in M&G's letter and seeks no affirmative relief, negates any assertion that suit in Ohio was premised upon an analysis of the underlying facts.  Moreover, the fact that Zales has engaged in linguistic gymnastics in an attempt to avoid application of a forum

selection clause that would place it in court in its home county is also highly suggestive that this declaratory action is a form of procedural fencing.

This declaratory action could also increase friction between state and federal courts.  As noted above, if both actions were maintained, conflicting obligations could arise that would then require further litigation to resolve.  Finally, the Court finds that the state court litigation in Texas offers a far better resolution of the claims at issue.  The heart of the parties' business dealings is Texas.  Furthermore, Zales' alleged defense – the public availability of JEMS – is not altered or made more difficult by litigating in Texas.  Accordingly, the Court would decline to exercise its discretion to entertain this declaratory judgment action.

## IV.     CONCLUSION

M&G's motion to dismiss is GRANTED.  The Court finds that it has no personal jurisdiction over M&G.  The complaint is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Date:    February 9, 2015              */s/ John R. Adams*
                                        Judge John R. Adams
                                        UNITED STATES DISTRICT COURT